**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DEAN C. BOYD**                                                                                    **PLAINTIFF**

**v.**                                                                             **No. 4:22CV65-NBB-DAS**

**S&S MANAGEMENT GROUP, LLC**                                                  **DEFENDANT**

**ORDER DISMISSING CASE UNDER THE DOCTRINES
OF *RES JUDICATA* AND COLLATERAL ESTOPPEL**

On May 5, 2023, the court issued an order for the plaintiff to show cause why this case should not be dismissed as frivolous under the doctrines of *res judicata* and collateral estoppel.[1]  The plaintiff responded to the court's order on May 23, 2023, and the matter is ripe for resolution.  In his response, the plaintiff devoted almost the entirety four pages of text to reiterating the allegations set forth in his complaint.  In his response, the plaintiff addressed the *res judicata* and collateral estoppel issues in a few sentences, arguing only that that the instant case is "distinguishable from any other case filed in this court and/or any other courts," "distinguishable from other case and should be review[ed] *de novo*," and that his other cases arising out of the same facts and circumstances "can be distinguished from this case."  Doc. 1 at 2, 3, 5.  The plaintiff's allegation is true, in a literal sense, as each of his six cases at issue has different, but overlapping, defendants, a different theory of the case, or both.  However, as discussed in detail below, both *res judicata* and collateral estoppel apply to these cases, as all of them arise out of a single nucleus of operative facts.  Hence, for the reasons set forth below,

---

[1] In the interest of clarity and continuity, the court has drawn the discussion in this order almost verbatim from the Show Cause Order in this case.

the instant case will be dismissed with prejudice as frivolous under the doctrines of *res judicata* and

collateral estoppel.[2, 3]

**Discussion**

Dean C. Boyd has six cases arising out of a single nucleus of operative facts that were

simultaneously pending before this court (some of which have been very recently decided):

- *Boyd v. S&S Management Group*, LLC, 4:22CV65-NBB-DAS (the instant case)[4];

- *Boyd v. Sutton*, 4:22CV138-NBB-JMV (recently dismissed as frivolous under the doctrines of *res judicata* and collateral estoppel);

- *Boyd v. Allegiance Specialty Hospital, et al.*, 4:22CV101-GHD-DAS (recently dismissed as frivolous under the doctrines of *res judicata* and collateral estoppel)

- *Boyd v. Hughes*, 4:23CV35-GHD-RP;

- *Boyd v. Hughes*, 4:23CV36-NBB-DAS; and

- *Boyd v. Sutton*, 4:21CV159-GHD-DAS (recently dismissed on the merits).

The instant action was filed on February 23, 2022, in the Circuit Court of Washington County,

Mississippi.  Doc. 2.  Dean C. Boyd alleges that he was a patient at Allegiance Specialty Hospital of

---

[2] The defendant has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6); however, as Boyd has filed *six* cases arising out of the same facts found in the present one, the court will first look to the doctrines of *res judicata* and collateral estoppel to resolve the current case.

[3] Generally, an affirmative defense must be pled, and not raised by the court *sua sponte*. A court may, however, do so when all of the relevant facts are contained in the record before the court and are uncontested.  *Mowbray v. Cameron County, Texas*, 274 F.2d 269 (5th Cir. 2001). In that situation, "we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite our attention by technically correct and exact pleadings."  *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar.1981).  In the present case, the facts (the parties and issues in this case and others) are uncontested and the legal outcome (the application of *res judicata* and collateral estoppel) appears unambiguous.

[4] The plaintiff originally named "Advert Security Contractor in Pearl Mississippi" as the defendant, but later amended his complaint to name S&S Management Group, LLC (doing business as Advert Group USA).  "Advert" and "S&S," seen in variations throughout the parties' pleadings and the instant memorandum opinion, are the same company.

Greenville, LLC ("ASH") from February 14, 2020, through March 3, 2020. *Id.* The complaint in the present case alleges only federal constitutional claims against the sole defendant, S&S Management Group, LLC ("S&S").[5] Boyd alleges that S&S Management Group employees, as well as medical practitioners employed by ASH, participated in a campaign to harass and assault him during his stay at the hospital, culminating in an unprovoked assault on him on March 3, 2020 (when he was to be transferred from ASH back to the Mississippi State Penitentiary at Parchman). *Id.* The plaintiff described his allegations in the first page of his Complaint as "Mississippi State Negligent Malpractice Tort Claim upon [S&S Management Group, LLC]." Doc. 2. However, the complaint itself describes only violations of federal constitutional law, not state law. *Id.* As discussed below, that distinction does not affect the resolution of this case.

All six cases listed above (including the instant case) involve Boyd's stay at ASH and abuse he allegedly suffered at the hands of S&S, ASH, and MDOC employees. One of those cases was recently decided on the merits: *Boyd v. Sutton*, 4:21CV159-GHD-DAS ("*Boyd*-159").[6] Another, based on the holdings in *Boyd*-159, was dismissed under the doctrines of *res judicata* and collateral estoppel: *Boyd v. Allegiance Specialty Hospital, et al.*, 4:22CV101-GHD-DAS ("*Boyd*-101"). In accordance with the final judgment in *Boyd*-101, the Clerk of the Court filed the memorandum opinion and final judgment in that case as a "Notice" in the instant case (to alert the court to the possible application of *res judicata* and collateral estoppel to this case). *See* Doc. 61 (Notice of *Res Judicata*, Collateral Estoppel, Three PLRA Strikes, and Possible

---

[5] S&S Management Group LLC (the defendant in the present case) is doing business under the name Advert Group USA (the security company Boyd named as a defendant in *Boyd v. Sutton*, 4:21CV159-GHD-DAS, which he called "Advert Security Contractor.") The two names denote the same defendant in both cases.

[6] To aid in differentiating among Boyd's many Northern District cases, the court will refer to each as "*Boyd*-***," where the "***" is the last numerical value in the cause number of that case.

Sanctions.)[7]  Having reviewed these documents and the pleadings in this case, the court believes that the doctrines of *res judicata* and collateral estoppel also apply in the present case.

### Res Judicata

*Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred.  *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978).  *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts *or proceeding under a different legal theory*; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."  *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions).

In the Fifth Circuit *res judicata* bars a claim if:  (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action.  *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994).  Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts.  *Id.*  Indeed, *res judicata* applies to later judgments even if the original judgment was in error.  *See Matter of Teal,* 16 F.3d 619, 622 (5th Cir.1994) ("This conclusion comports with the well-known rule that a federal court may not abrogate principles of *res judicata* out of equitable concerns....  Indeed, it

---

[7] In the interest of brevity, the court will refer to this docket entry as "Notice."

must give *res judicata* effect to a prior judgment even if it would be voidable on appeal because of legal error."); *Fed. Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("Nor are the *res judicata* consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.")

*Res judicata* also applies when suits arising out of the same nucleus of operative facts are filed simultaneously – or in rapid succession (as Boyd has done in the present case and others). The Fifth Circuit has ruled on this issue:

> When two suits proceed simultaneously, as in this case, *res judicata* effect is given to the first judgment rendered. *Chicago, Rock Island & Pac. R.R. v. Schendel,* 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926); *see also* 18 Wright, Miller & Cooper, *supra*, Jurisdiction 2d § 4404 (citing *Jones v. Sheehan, Young & Culp,* 82 F.3d 1334, 1338–39 n. 3. (5th Cir.1996); *In re Hansler,* 988 F.2d 35, 38 (5th Cir.1993)). Maintaining such a litigation strategy almost assures that at some point one of the cases will become barred by a judgment in the other; the successful party will find that all its claims and defenses have merged into the judgment, while the unsuccessful party will find that its have been extinguished. ***"There is no reason why defendants should be required to defend, or courts to hear, additional or multiple cases, free from the protections of res judicata, simply because the plaintiff chose to file them piecemeal at the same time rather than in succession."*** *Sidag Aktiengesellschaft v. Smoked Foods Prods. Co.,* 776 F.2d 1270 (5th Cir.1985). A party gets only "one bite at the apple" and is not allowed to take two bites simply because it attempts to take both at once rather than *seriatim.*

*Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500–01 (5th Cir. 2004) (emphasis added). As will be discussed in detail below, Mr. Boyd has tried to take six bites of this apple.

**Dismissal of *Boyd-159***

Among Boyd's approximately twenty-five lawsuits filed in the Northern and Southern Districts, one case in the Southern District (No. 3:20CV705-TSL-RPM) was against Allison – Case Manager, CNA Veronica Bell, Lt. Sylvia Sutton, Charles Thomas, Captain Campbell, and a John Doe employee of "Alliance." That suit was transferred to this court and assigned Cause No. 4:21CV159-GHD-DAS. In that transferred case (*Boyd*-159), defendant Misty Hughes (an ASH employee) sought

summary judgment, and the court found that ASH was a private hospital, and its employees were not state actors. The court also dismissed two employees of S&S because they also were not state actors and were thus not proper defendants under 42 U.S.C. § 1983. Finally, the court dismissed Boyd's claims against the sole remaining defendant, Charles Thomas (an employee of MDOC), without prejudice – because Boyd had not exhausted his administrative remedies as to those claims. As such, all claims brought under 42 U.S.C. § 1983 in *Boyd*-159 were dismissed with prejudice (except those against Thomas, which were dismissed without prejudice).[8] The court entered final judgment (dismissing the entire case) in *Boyd*-159 on April 25, 2023.

### Dismissal of Boyd-101

On April 25, 2023, the court entered final judgment against Boyd in *Boyd v. Allegiance Specialty Hospital, et al.*, 4:22CV101-GHD-DAS ("Boyd-101"), a case arising out of the same nucleus of operative facts as the instant case. The court (noting the previous dismissal of *Boyd*-159), dismissed *Boyd*-101 under the doctrines of *res judicata* and collateral estoppel (and for other reasons). The court also required the Clerk of the Court to enter the memorandum opinion and final judgment in Boyd's other cases involving his stay at ASH as a "NOTICE of *Res Judicata*, Collateral Estoppel, Three PLRA Strikes, and Possible Sanctions as to Dean C. Boyd," which was entered as Docket Entry 61 in the present case.

### The Instant Case Should Also Be Also Dismissed Under the Doctrines of *Res Judicata* and Collateral Estoppel

---

[8] The deadline for Boyd to file a prison grievance regarding his claims against defendant Thomas has long expired; as such, he can no longer exhaust his administrative remedies as to those claims. *See* https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf ("Inmate Handbook, Chapter VIII, Administrative Remedy Program") (last visited April 3, 2019)). The Prison Litigation Reform Act requires exhaustion of administrative remedies before seeking relief under 42 U.S.C. § 1983 in federal court. *See* 42 U.S.C. §1997e(a). For this reason, though the court has dismissed Boyd's claims against Thomas without prejudice, the dismissal operates as if it were with prejudice.

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of his stay at ASH and any suits arising out of those events as to any parties he actually sued (or their privies) regarding those events.  As to the elements of *res judicata*:  (1) Dean C. Boyd is the plaintiff in both cases; the defendant in the instant suit is S&S Management Group, LLC (doing business as Advert Group USA) is in privity with its employees, Captain Campbell and Silvia Sutton, who were named as defendants in the prior suit)[9]; (2) This court is a court of competent jurisdiction over the issues in that case (Boyd's treatment during his stay at ASH); (3) The court has previously issued a final judgment on the merits (for the purposes of *res judicata*) in favor of the Advert Group employees[10]; and, (4) Both cases involve the same cause of action, as they arise out of a single nucleus of operative facts:  the defendants' alleged mistreatment of Boyd during his stay at ASH (including the day of his release back to the custody of MDOC.)  Boyd currently has several pending suits arising out of the same nucleus of operative facts as the present case, each involving various claims based upon federal and state law.

---

[9] *See Boyd v. Sutton, et al.*, 4:21CV159-GHD-DAS (N.D. Miss., Opinion and Judgment of July 27, 2022) (*Boyd*-159).

[10] Even if Boyd's previous case arising out of these facts (*Boyd*-159) were ongoing, the judgment in favor of the Advert Group employees in that case would nonetheless operate as a final judgment for the purposes of *res judicata* in the present one:

> *Judgment final as to a part of an action or claim.*  A judgment may be final in a *res judicata* sense as to a part of an action although the litigation continues as to the rest…. So also in an action in which the plaintiff has joined a number of claims against the defendant, the rules of practice—for example, Rule 54(b) of the Federal Rules of Civil Procedure—may permit entry of judgment on particular claims as they are adjudicated, with the action continuing as to the remaining claims.

Restatement (Second) of Judgments § 13(e) (1982).  The Supreme Court has cited this rule with approval.  *See Arizona v. California*, 460 U.S. 605, 617, 103 S. Ct. 1382, 1390, 75 L. Ed. 2d 318 (1983), *decision supplemented,* 466 U.S. 144, 104 S. Ct. 1900, 80 L. Ed. 2d 194 (1984) (citing § 13(e), Restatement (Second) of Judgments).

Not only are Boyd's federal claims under 42 U.S.C. § 1983 extinguished, but any other potential claims are, as well, including those arising under state law. *See Brown v. Felsen*, *supra*; *see also Goldberg v. R. J. Longo Constr. Co.*, *supra* (*res judicata* bars claims that were or could have been raised in prior actions). Boyd could have raised *all* the claims he brought in his various cases in a single suit. He chose, instead, to file numerous suits with overlapping claims and defendants – all arising out of a single set of facts. *As to the defendants (or their privies) who were dismissed by the judgment in Boyd*-159 (including S&S), all of Boyd's claims in the remaining pending suits (including the present one) are merged into that judgment – and should thus be extinguished. For these reasons, *res judicata* applies in the present case, which will be dismissed with prejudice as frivolous.

### Collateral Estoppel

Collateral estoppel, or issue preclusion, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The relevant issue decided in *Boyd*-159 is that S&S[11] employees (who are in privity with S&S) are not state actors:

> [S&S]'s employees, such as Captain Campbell, are not state actors…. *See Albright v. Longview Police Dep't*, 884 F.2d 835, 841 (5th Cir. 1989) (mere contractual link between county and corporation insufficient to find corporation to be a state actor).

*Boyd*-159*, supra*. S&S employees (defendants in *Boyd*-159) are not state actors – and are thus not proper defendants in an action proceeding under § 1983. Hence, S&S, itself (which is in privity with its employees), is likewise not a proper defendant in the instant case proceeding under 42 U.S.C. § 1983. Hence, collateral estoppel applies, and all § 1983 claims against S&S

---

[11] As noted above, S&S Management Group (the defendant in the present case) is the same company as Advert Group USA (which Boyd called "Advert Security Contractor" in *Boyd*-159.)

will be dismissed with prejudice for that reason (in addition to their dismissal as *res judicata*).

*See* 42 U.S.C. § 1983.

### Conclusion

For the reasons set forth above, the instant case is **DISMISSED** as frivolous under the doctrines of *res judicata* and collateral estoppel.

**SO ORDERED**, this, the 16th day of June, 2023.

 /s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE